IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY L. TACKETT,**

    **Plaintiff,**

  vs.                                Civil Action 2:12-cv-1134
                                        Judge Watson
                                        Magistrate Judge King

**BANK OF AMERICA, NA,**

    **Defendant.**

## OPINION AND ORDER

    Plaintiff, who is proceeding without the assistance of counsel, filed a motion for a temporary restraining order, *Motion to Stop Sale of Home*, Doc. No. 2, which the Court also deemed to serve as the complaint. *Order*, Doc. No. 6. Defendant filed a motion for a more definite statement, *Defendants' [sic] Motion for a More Definite Statement*, Doc. No. 8, and plaintiff filed a response, *Re: Order for More Definite Statement*, Doc. No. 10. The Court construed plaintiff's response as a more definite statement, but directed plaintiff to file an amended complaint because his response did not contain a short and plain statement of the grounds for the court's jurisdiction. *Order*, Doc. No. 11. Plaintiff thereafter filed an amended complaint. *Amended Complaint*, Doc. No. 13.

    This matter is before the Court on defendant's second motion for a more definite statement. *Defendants' [sic] Motion for a More Definite Statement as to Defendant's [sic] Amended Complaint* ("*Defendant's Motion*"), Doc. No. 14. Defendant argues that the *Amended Complaint* "fails to adhere to Federal Rules of Civil Procedure

1

8(a)(2) and 8(d)(1) and 10(b)" such that defendant "cannot reasonably be required to frame an answer or other respons[ive] pleading." *Defendant's Motion*, p. 1.  Plaintiff has not filed a response to *Defendant's Motion*.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).  Motions for a more definite statement are, however, generally disfavored, *Shirk v. Fifth Third Bancorp*, No. 05-cv-49, 2008 WL 4449024, at *8 (S.D. Ohio Sept. 26, 2008) (citations and quotations omitted), and "should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id*. (citations and quotations omitted).  *See also Joslin v. Metro Nashville/Davidson Cnty.*, 3:12-cv-1284, 2013 WL 2250712, at *6 (M.D. Tenn., May 21, 2013) (quoting *E.E.O.C. v. FPM Grp., Ltd.*, 657 F.Supp.2d 957 (E.D. Tenn. 2009)).

Plaintiff's *Amended Complaint* is two pages long, alleges that the Court has federal question jurisdiction, and purports to bring claims under only state law.  Although the Amended Complaint does not

2

strictly comply with the requirements of Fed. R. Civ. P. 10(b), the Court finds that it is not "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *See Boco Enters., Inc. v. Selective Ins. Co. of S.C.*, No. 11-13962, 2012 WL 4476510, at *2 (E.D. Mich. Sept. 28, 2012) (citations and quotations omitted).

Accordingly, *Defendant's Motion*, Doc. No. 14, is **DENIED**.


June 19, 2013                               *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge